UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>          v.<br><br>JOSE JESUS ALVAREZ,<br><br>                   Defendant. | No. CR-05-2032-FVS<br>    CR-05-2034-FVS<br><br>ORDER |

**THESE MATTERS** came before the Court for scheduled pretrial conferences on October 13, 2005. Before the Court were the Defendant's Motion to Suppress Statements and the Defendant's Motion to Dismiss. The Defendant was present and represented by Timothy Cotterell. Assistant United States Attorney James Hagarty appeared on behalf of the Government. This Order is intended to memorialize the Court's oral ruling made in open court.

**BACKGROUND**

The Defendant was arrested on January 13, 2005, and interviewed by ATF Special Agent C. Todd Smith and LEAD Task Force Detective Mike Akins. The Defendant was then placed in jail at the Grandview Police Department. Detective Akins prepared a Declaration of Probable Cause on January 14, 2005. Superior Court Judge James Lust found probable cause on January 16, 2005. The Defendant made a preliminary appearance in Yakima County Jail on January 18, 2005, before Judge

ORDER - 1

R.N. Hackett.  Monday, January 17, 2005, was a holiday.  On January 20, 2005, the Defendant was arraigned on state charges, including four counts of delivery of a controlled substance, methamphetamine, two counts of second-degree unlawful possession of a firearm, and one count of delivery of a controlled substance, methamphetamine.  At that time, the court set an omnibus hearing for February 24, 2005, and a trial date for March 7, 2005.  On February 24, 2005, the case was continued pursuant to a joint order.  On April 28, 2005, the case was dismissed without prejudice in state court on the basis that the Defendant was going to be charged in federal court for the same underlying conduct.  On April 29, 2005, the Defendant was indicted in federal court on the present charges.

**DISCUSSION**

***A.   Motion to Dismiss With Prejudice***

The Defendant argues his Speedy Trial clock began running on the date of his arrest on January 13, 2005, and that he should receive credit under the Speedy Trial Act for the 34 days he spent in state custody before he signed his first continuance.  The Defendant also argues the Indictment should be dismissed with prejudice because the state authorities did not comply with their duty to bring the Defendant before a judge within 48 hours of his arrest.[1]

A defendant's speedy trial right under the Sixth Amendment is

---

[1] Washington Superior Court Criminal Rule 3.2.1 provides that a person who is arrested shall have a judicial determination of probable cause no later than 48 hours following the person's arrest, unless probable cause has been determined prior to such arrest.

ORDER - 2

not activated until the date of federal "accusation." *United States v. Cordova*, 537 F.2d 1073, 1075 (9th Cir. 1976). "One becomes 'accused' when there is 'either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge.'" *United States v. Romero*, 585 F.2d 391, 398 (9th Cir. 1978) (quoting *United States v. Marion*, 404 U.S. 307, 320 (1971)). The general rule is that the date of a defendant's state arrest does not initiate federal prosecution for the purpose of the defendant's speedy trial right. *United States v. Soto*, 1 F.3d 920, 923 (9th Cir. 1993). However, the "Speedy Trial Act time periods may be triggered by state detentions that are merely a ruse to detain the defendant solely for the purpose of bypassing the requirements of the Act." *United States v. Benitez*, 34 F.3d 1489, 1494 (9th Cir. 1994)("Although the law provides that a federal arrest does not occur when no formal federal charges are filed, this rule is not absolute. The Speedy Trial Act would lose all force if federal criminal authorities could arrange with state authorities to have the state authorities detain a defendant until federal authorities are ready to file criminal charges.").

In the present case, even though the federal indictment is based on the same conduct as that involved in the state prosecution, the Defendant cannot receive credit under the Speedy Trial Act for the 34 days he spent in state custody unless he can show the state arrest was collusive and "constituted a mere temporary device used to restrain [the Defendant] until federal authorities might choose to prosecute." *Cordova*, 537 F.2d at 1076 (citations and quotations

ORDER - 3

omitted).

"A finding of collusion requires proof of a deliberate intent to deprive a defendant of her federal procedural rights." *United States v. Michaud*, 268 F.3d 728, 735 (9th Cir. 2001). The mere suspicion of collusion is insufficient. *Id.* Here, as evidence of collusion, the Defendant points to the "heavy involvement by ATF in this case" and the fact that the federal Indictment was filed on March 15, 2005, and a warrant for the Defendant's arrest was issued on March 16, 2005, but the Defendant remained in state custody and was not arraigned in federal court until April 29, 2005. Based on these facts, the Defendant argues the "federal authorities had planned on indicting him from the time he was arrested." "However, the fact that federal authorities actively participate in an investigation does not mandate the application of the Speedy Trial Act." *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994) (citations omitted) (holding that arrest by federal authorities who immediately relinquished control to state officials for state prosecution did not trigger the Speedy Trial Act).

Since the Defendant offers no evidence of actual collusion between the state and federal authorities, the Court determines the Defendant's rights were not infringed by impermissible collusion. Therefore, the date of the Defendant's state arrest did not initiate federal prosecution for the purpose of the Defendant's speedy trial right. *See Soto*, 1 F.3d at 923. Furthermore, since the Court does not find any evidence of actual collusion between the state and federal authorities, there is no basis to contribute the state court

delay in bringing the Defendant before a judge within 48 hours of his arrest to the federal agents. *See Michaud*, 268 F.3d at 734 n. 2 (9th Cir. 2001) ("Although the state police did not comply with their constitutional duty to bring Michaud before a magistrate within 48 hours of her arrest ... this delay cannot be attributed to the federal agents and considered for purposes of § 3501(c) absent evidence of collusion."). Accordingly, the Defendant's motion to dismiss for speedy trial violations is denied.

### B. *Motion to Suppress Statements*

The Government contends, and the Defendant does not disagree, that the Defendant was advised of his *Miranda* rights after his arrest and then agreed to speak to officers. Thereafter, the Defendant provided a statement. The Defendant now moves to suppress these statements. However, he does not offer any specific basis upon which the Court should suppress the Defendant's statements. The Defendant does not allege an illegal arrest, an arrest without probable cause, or that he was not advised of his *Miranda* warnings. Moreover, the Defendant does not allege that he did not understand those warnings for some reason or that he did not waive those rights when he agreed to speak to the officers and provide a statement. After review of the arrest documents and the officers' reports, the Court determines the Defendant's statements were voluntary. Accordingly, the Defendant's motion to suppress is denied.

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss **(Ct. Rec. 49 in CR-05-2032-FVS; Ct. Rec. 44 in CR-05-2034-FVS)** is **DENIED**.

2. The Defendant's Motion to Suppress (**Ct. Rec. 51 in CR-05-2032-FVS; Ct. Rec. 46 in CR-05-2034-FVS**) is **DENIED**.

3. All time from the filing of Defendant's Motion to Suppress and Motion to Dismiss on August 26, 2005, to the date of the hearing on October 13, 2005, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(F).

4. The **trial in CR-05-2032-FVS shall commence on October 24, 2005, at 9:00 a.m. in Yakima, Washington**. Counsel shall meet with the Court in chambers at 8:30 a.m. Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed jury instructions shall be filed and served on or before **October 17, 2005**.

5. The **trial in CR-05-2034-FVS shall commence on November 7, 2005, at 9:00 a.m. in Yakima, Washington**. Counsel shall meet with the Court in chambers at 8:30 a.m. Trial briefs, motions in limine, requested voir dire, witness and exhibit lists, and a set of proposed jury instructions shall be filed and served on or before **October 31, 2005**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 14th day of October, 2005.

                                  s/ Fred Van Sickle
                                    Fred Van Sickle
                              United States District Judge